## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

SARAH CHARLEY,

    **Plaintiff,**

vs.                       No. _____

**TATE'S AUTO CENTER OF GALLUP, INC.**, a New Mexico domestic corporation, and

**CHRIS ORTIZ**, a Natural Person, and

**CHRYSLER CAPITAL L.L.C.**
**In New Mexico d/b/a**
**Chrysler Auto Capital L.L.C.**
**Foreign Limited Liability Company**

    **Co-Defendants.**

## COMPLAINT FOR DAMAGES

1. On or about February 14ᵗʰ, 2014, Defendant Tate's Auto Center of Gallup, Inc. ("Tates"), though their agent Mr. Chris Ortiz, procured Ms. Charley's consumer credit report using her Social Security number without first obtaining Ms. Charley's written authorization, in direct violation of 15 U.S.C. § 1681b(c)(1)(A).

2. Tate's actions, and Mr. Ortiz's actions as an individual, described herein, violate the Federal Fair Credit Reporting Act and New Mexico's Unfair Trade Practices Act ("UPA").

3. As the current holder of the consumer credit agreement arising out of Ms. Charley's unauthorized credit report procurement, Co-Defendant Chrysler Capital, LLC ("Chrysler Capital") is liable for Tate's activities described herein pursuant to FTC Rule 16 C.F.R. § 433.2.

4. Ms. Charley seeks damages authorized under the Fair Credit Report Act and the Unfair Trade Practices Act of New Mexico.

## Jurisdiction

5. This Court has jurisdiction over Plaintiff's FRCA claim against Defendant under 28 U.S.C. §§ 1331, and 1337.

6. This Court has supplemental jurisdiction over the Unfair Trade Practice Claim under 28 U.S.C. § 1367.

## Parties

7. Plaintiff Sarah Charley is a consumer and private citizen who resides on the Navajo Nation.

8. Defendant Tate's Auto Center of Gallup, Inc. is a New Mexico domestic business entity engaging in the business of retail automotive sales and operates in Gallup, New Mexico.

9. Defendant Chris Ortiz is a natural person and Sales Staff and/or Finance and Insurance staff of Tate's during all times relevant to the allegations contained herein.

10. Defendant Chrysler Capital, LLC is a consumer automobile lender engaged in business in the State of New Mexico.

## Facts

11. On or about February 14th, 2014, Ms. Charley rested in bed at her home located on the Navajo Nation, as she recovered from a recent emergency brain surgery to remove a malignant tumor.

12. On or about February 14th, 2014, due to her surgery recovery and being bedridden, Ms. Charley asked her grandson, Charles Joe, to look for reliable vehicles at near-by auto dealerships, on her behalf.

13. That same day, Ms. Charley's grandson arrived at Tate's and explained to Tate's that he is looking for a reliable vehicle for his grandmother, but due to her recovering from recent brain tumor surgery, she could not make the trip to Tate's.

14. In response, Tate's explained that in order to sell the Vehicle to Ms. Charley, they would need Ms. Charley's Social Security number to procure Ms. Charley's consumer credit report. Tate's then requested and obtained Ms. Charley Social Security number from her grandson.

15. Using Ms. Charley's Social Security number, Tate's, through Mr. Chris Ortiz, procured Ms. Charley's consumer credit report and obtained income estimates from Plaintiff's grandson on Plaintiff's monthly income.

16. Defendant Tate's then offered a 2014 Jeep Liberty to Plaintiff's grandson as the only vehicle Tate's could offer for sale.

17. Plaintiff's grandson agreed to take the vehicle and Tate's typed up a credit agreement to finance the purchase of the Vehicle, complete with TILA credit disclosures, between Tate's and Ms. Charley with an immediate assignment to Chrysler Capital. *See Exhibit-A attached hereto (Credit Agreement).*

18. In the above referenced Credit Agreement, Charles Joe (grandson) is listed as a co-borrower along with Ms. Charley.

19. Thereafter, in need of Ms. Charley's signature on the transaction documents, a Tate's agent drove to Ms. Charley's residence on the Navajo Nation and had Ms. Charley sign the transaction documents and Credit Agreement at her bedside.

20. Ms. Charley was not physically present at Tate's on February 14th, 2014 or any other relevant period of time.

21. Further, Ms. Charley provided no written communications or authorizations to Tate's or Chrysler Capital prior to her signing the transaction documents at her home on the Navajo Nation.

22. Upon information and belief, Tate's then willfully accessed Ms. Charley's credit information from one or more of the major credit reporting agencies without obtaining prior written authorization from Ms. Charley, in direct violation of the FCRA, 15 USC § 1681b(c)(1)(A).

23. After impermissibly accessing Ms. Charley's credit profile, Tate's drafted sales transaction documents regarding the above-referenced Jeep Patriot for Ms. Charley's signature.

24. Shortly thereafter, a Tate's representative followed Ms. Charley's son and other family members to Ms. Charley's home within the exterior boundaries of the Navajo Nation so that Ms. Charley could sign the transaction documents for the Jeep Patriot.

25. The Tate's representative arrived at Ms. Charley's home on the Navajo Reservation, and obtained Ms. Charley's signature on the transaction documents, including but not limited to: (a) Retail Installment Contract, and (B) Purchase Order Agreement listing Ms. Charley as the buyer and Mr. Charles Joe as the "co-buyer."

26. Since then, Ms. Charley has made an effort to keep up with the monthly payments under the Retail Installment Contract, despite being provided no meaningful opportunity to negotiate the original sale terms or credit arrangements.

27. Tate's does not possess authority to conduct business on the Navajo Nation and does not possess a Business-Site Lease from the Navajo Nation.

28. Pursuant to the foregoing, Plaintiff seeks damages against Defendants for legal claims as follows.

4

## First Claim for Relief: Fair Credit Report Act ("FCRA") Violation

29. The foregoing actions of Defendants violate the Fair Credit Report Act, specifically 15 U.S.C. § 1681b(c)(1)(A).

30. Defendants willfully engaged in the conduct described herein constituting a violation of 15 U.S.C. § 1681b(c)(1)(A).

31. Plaintiff is entitled to statutory damages.

## Second Claim for Relief: Violations of the New Mexico Unfair Practices Act ("UPA")

32. The foregoing transactions occurred in the regular course of Defendants' trade or commerce and their action are subject to the UPA.

33. The foregoing actions of Defendants constitute unfair or deceptive trade practices within the meaning of the UPA, NMSA 1978 § 57-12-2 D & E.

34. Defendants willfully engaged in these unlawful trade practices.

35. Mrs. Charley is entitled to recover actual or statutory damages, trebled, plus recovery of her attorney's fees and costs, pursuant to the UPA.

**WHEREFORE**, Plaintiff prays that this Court:

A. Award actual or statutory damages, trebled, for violations of the UPA;

B. Award statutory or treble actual damages for violation of the federal Fair Credit Report Act.

C. Award attorney's fees and costs, pursuant to statute; and

D. Provide such further relief that is just and reasonable under the circumstances.

**Respectfully submitted,**
**THE ABEYTA LAW FIRM, LLC**

*/s/ Daniel P. Abeyta*

**DANIEL P. ABEYTA**
216 East Apache Street
Farmington, New Mexico  87401
Ph. (505) 258-4389
Fx. (505) 436-2146